UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARITA CORREA,

                Plaintiff,

v.                                                         5:15-CV-0462
                                                             (GTS)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON       STEVEN R. DOLSON, ESQ.
 Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.             JOSHUA L. KERSHNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
 – REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this Social Security action filed by Charita Correa ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 11, 19.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on March 29, 1960. Although Plaintiff stated in her initial disability report that she completed the 12th grade, she testified at the hearing that she completed the eighth grade and has not obtained a general educational development (GED) certificate. Plaintiff has worked as a personal care attendant and home attendant/home health aide. Generally, Plaintiff's alleged disability consists of post traumatic stress disorder, anxiety and panic attacks, depression, personality disorder, a breakdown in 2000, high blood pressure, degenerative discs in the lumbar back, and bone spurs in the ankle.

### B. Procedural History

On June 1, 2012, Plaintiff applied for Supplemental Security Income ("SSI"). Plaintiff's application was denied on November 19, 2012, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). On November 13, 2011, Plaintiff appeared in a hearing before the ALJ, John P. Ramos. (T. 28-57.) On February 25, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-27.) On February 27, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 3-8.)

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 17-24.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2012, her application date. (T. 17.) Second, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, depressive disorder, and anxiety disorder are severe impairments, but that Plaintiff's tenosynovitis of the ankle, onychomycosis, asthma,

hypertension, obesity, and history of poly-substance abuse are not severe impairments. (T. 17-18.) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (T. 18-20.) The ALJ considered Listings 1.04, 12.04, and 12.06. (*Id.*) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 416.967(b), because the claimant is able to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. Additionally, the claimant retains the ability to understand and follow simple instructions and directions, perform simple and some complex tasks with supervision and independently, maintain attention and concentration for simple and some complex tasks, regularly attend to a routine and maintain a schedule, and relate to and interact appropriately with others in order to carry out simple tasks, but the claimant should avoid work requiring more complex interaction or joint effort to achieve work goals. The claimant is able to handle work-related stress in that she is able to make decisions directly related to the completion of simple tasks and handle usual workplace changes and interactions associated with simple work.

(T. 20-22.) Fifth, the ALJ found that Plaintiff is unable to perform her past relevant work as a personal care attendant or home attendant/home health aide. (T. 22-23.) Sixth, and finally, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 23-24.)

### D. The Parties' Briefings on Their Cross-Motions

Generally, Plaintiff argues that the ALJ failed to classify Plaintiff's right ankle impairment as a severe impairment at step two, and therefore tainted the overall RFC evaluation. (Dkt. No. 11, at 1-5 [Pl.'s Mem. of Law].)

Generally, Defendant argues that the ALJ correctly found that Plaintiff's ankle impairment was not a severe impairment. (Dkt. No. 19, at 5-8 [Def.'s Mem. of Law].)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of

4

the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

5

## III. ANALYSIS

### A. Whether the ALJ's Step Two Finding Was Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 19, at 5-8 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

According to Social Security Regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit a [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). The regulations define "basic work activities" as the "abilities and aptitudes necessary to do most jobs," with examples including the following: (1) physical functions such as walking, standing, lifting, pushing, pulling, carrying or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) using judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b). Accordingly, the severity of an impairment is determined by the limitations imposed by the impairment, and not merely by diagnosis of the impairment. *Ellis v. Comm'r,* 11-CV-1205, 2012 WL 5464632, at *4 (N.D.N.Y. Sept. 7, 2012) (citing *Coleman v. Shalala,* 895 F. Supp 50, 53 [S.D.N.Y. 1995]); *see also McConnell v. Astrue,* 03-CV-0521, 2008 WL 833968 (N.D.N.Y. Mar. 27, 2008).

"The second step requirement under the prescribed disability analysis is truly *de minimis*, and intended only to screen out the truly weakest of cases." *Davis v. Colvin*, 11-CV-0658, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 [2d Cir. 1995]). When an ALJ finds that one or more of a plaintiff's impairments are severe, an error

in the severity analysis at step two may be harmless because the ALJ continued with the five-step analysis and did not deny the claim based on lack of a severe impairment alone. *Ellis,* 2012 WL 5464632, at *5; *Tyron v. Astrue*, 10-CV-0537, 2012 WL 398952, at *3 (N.D.N.Y. Feb. 7, 2012); *Kemp v. Comm'r*, 10-CV-1244, 2011 WL 3876526, at *8 (N.D.N.Y. Aug. 11, 2011).

"Where an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb. 18, 2010); *see also* 20 C.F.R. § 416.923 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity").

Plaintiff argues that the ALJ should have found that Plaintiff's right ankle impairment was severe at step two. (Dkt. No. 11, at 1-5 [Pl.'s Mem. of Law].) However, a review of the entire decision indicates that the ALJ's step two finding was supported by substantial evidence and that the ALJ properly considered the effects of Plaintiff's combined impairments in the remainder of the sequential analysis.

At step two, the ALJ noted that while radiology reports showed degenerative changes in Plaintiff's ankle prior to the application date, treatment records from Syracuse Community Health Center generally showed that Plaintiff's ankle injuries and sprains were conservatively managed. (T. 18.) Moreover, the ALJ noted that there was no evidence of an ankle impairment that met the 12-month durational requirement to constitute a severe impairment under the regulations. (*Id.*) The ALJ further noted that, on October 10, 2012, consultative physical examiner, Kalyani Ganesh, M.D., indicated that Plaintiff reportedly injured her ankle more than ten years earlier and has not received any specific treatment for an ankle impairment. (*Id.*) The ALJ noted that, while Dr. Ganesh observed that Plaintiff's ankle was swollen, Dr. Ganesh also

7

observed that Plaintiff had a normal gait and full range of motion of the ankles. (*Id.*) Finally, the ALJ noted that Dr. Ganesh opined that Plaintiff had no gross limitations in her abilities to stand and walk, and no treating source indicated that Plaintiff's ankle impairment limited her ability to engage in basic work-related activities. (*Id.*) Accordingly, the ALJ's determination that Plaintiff's ankle impairment was not a severe impairment was supported by substantial evidence.

In any event, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, depressive disorder, and anxiety disorder were severe impairments, and therefore the ALJ did not deny benefits based on lack of a severe impairment. *Ellis,* 2012 WL 5464632, at *5; *Tyron*, 2012 WL 398952, at *3. Moreover, the ALJ properly considered the effects of Plaintiff's combined impairments in the remainder of his analysis and included limitations in the RFC for Plaintiff's combined impairments. *Chavis*, 2010 WL 624039, at *12.

First, the ALJ acknowledged that his RFC determination "must consider all of the claimant's impairments, including impairments that are not severe." (T. 16.) Second, in assessing Plaintiff's credibility and determining the RFC, the ALJ considered Plaintiff's ankle impairment, including Plaintiff's testimony that (1) her ability to work was limited by ankle problems, (2) her ankle swells on a daily basis, and (3) she often needs to elevate her ankle and put ice on it. (T. 21.) The ALJ further noted that Plaintiff failed to attend several scheduled appointments at the Syracuse Community Heath Center after the application date, and there was no evidence of specialized treatment for Plaintiff's ankle condition. (T. 22.)

Finally, the ALJ included limitations in the RFC for Plaintiff's combined impairments, including her ankle impairment. (T. 16, 20-22.) As discussed above, the ALJ's physical RFC determination limited Plaintiff to light work, with standing and/or walking and sitting for six

8

hours in an eight-hour workday and lifting and/or carrying twenty pounds occasionally and ten pounds frequently. (*Id.*) Therefore, even if the ALJ's failure to find additional impairments severe at step two of the sequential analysis is error, it is harmless. *Ellis*, 2012 WL 5464632, at *5; *Tyron,* 2012 WL 398952, at *3.

For these reasons, the ALJ's step two determination was supported by substantial evidence, and remand is not necessary on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 5, 2016
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge